## CHARLES BODINE *et al.*

*v.*

## HENRY M. SWISHER, for use, etc.

1. VERDICT—*on replevin bond, must find debt as well as damages.* In debt on a replevin bond, the verdict of the jury must find the amount of the debt as well as the damages. Where it finds the latter only, it is error to render judgment thereon.

2. AMENDMENT—*of verdict of jury.* Where the jury, in a suit on a replevin bond, in their verdict, found the plaintiff's damages only, it was *held,* that the court could not. amend the same by entering both the debt and the damages, without the consent of the jury or of counsel for the defendants, such amendment being a material one.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of debt on a replevin bond, brought by Henry M. Swisher, for the use of William C. Walker, against Charles Bodine and Jacob Mason. On a trial, the jury returned the following verdict:

"We, the jury, find for the plaintiff, and assess the damages at $850, with six per cent interest from the date of the bond, making in all $994.50."

Upon this verdict judgment was rendered for $2000 debt, and damages $994.50, and costs of suit. The other facts are stated in the opinion of the court.

Mr. R. N. BISHOP, for the appellants.

Mr. JAMES A. EADS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt on a replevin bond. The jury, in their written verdict, as returned into court, found only the damages. Since the appeal was taken, the appellee has, on notice and motion, procured an amendment of the record in the court below, and filed a supplemental record in this court showing the amendment.

By the bill of exceptions in the amended record, it appears the judge, when the verdict was returned, entered upon his minutes both the debt and damages, as having been found by the jury. The amendment of the record, at the subsequent term, was made by these minutes upon the judge's docket.

It does not appear that, at the term when the verdict was rendered, the jury or the counsel for the defendant consented that it should be amended by the court. The amendment was material, and could not be made without the consent of the jury themselves or of counsel for defendant.

The action of the court in amending, in a material matter, at a subsequent term, by his own minutes, the written and recorded verdict of a previous term, we can not regard as authorized by correct practice, or binding upon the defendant.

The supplemental record does not cure the error committed in rendering judgment on the original verdict, and the judgment must be reversed.

*Judgment reversed.*