## HENRY H. GAGE

*v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa May 9, 1893.*

1. SPECIAL ASSESSMENT—*right to have objections to confirmation submitted to a jury.* On application for confirmation of a special assessment, made for the purpose of raising money to pay the compensation for land condemned for a street, an objection that the description of the land condemned was illegal and void, presents a mere question of law, not proper to be submitted to a jury.

2. In such case, whether the description of the land sought to be condemned, in the verdict of the jury, is so imperfect and uncertain that no valid judgment can be rendered upon it, is a matter for the court to determine, which is to be decided by an inspection of the records in the condemnation proceedings, the interpretation of which is purely a matter of law.

3. On application to confirm special assessments for a local improvement, only such objections as question the amount of benefits returned against the objector's premises should be submitted to a jury.

4. On a proceeding to confirm a special assessment levied to raise money to pay the compensation awarded the owners of land condemned for a street, an objection that the land had been dedicated to the public for a street by the owners thereof, and hence the condemnation was improper, does not present an issue which the property owner is entitled to have submitted to a jury.

5. In such case, when the court, in the presence of the jury, hears the evidence of a previous dedication of the land sought to be condemned, and it falls far short of showing the dedication, the refusal of the court to instruct the jury to pass upon the objection and find that a dedication has been proved, is not error.

6. EMINENT DOMAIN—*sufficiency of description of the land sought to be taken.* Land sought to be condemned for a street was described as "lots B and C, (except the east 66 feet of the west 248.95 feet thereof,)

of Auburn Park, being a subdivision of," etc. The jury described this property as follows: "In Auburn Park, a subdivision of" (describing the subdivision), "to the owner or owners of (except E. 66 feet, W. 248.95 ft.) out-lot B of said subdivision," and "to owner or owners of (except east 66 feet of west 248.95 ft.) out-lot C of said subdivision." The only objection to the description was the omission of the word "of" before "248.95 ft.," in that part of the description of out-lot B embraced in the parenthesis: *Held*, that there was no material uncertainty as to the land intended to be described by the jury, and that the description was sufficient to justify the judgment on the verdict.

7. SAME—*questions determined by condemnation.* The propriety of a condemnation of land for a street, and the power to make it, are matters necessarily passed upon by the court in a proceeding to condemn; and the court, by entering judgment of condemnation, necessarily determines that the property may properly be condemned.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. GAIL E. DEMING, and Mr. AUGUSTUS N. GAGE, for the appellant:

The description of the property in the verdict of the jury awarding compensation for the property sought to be taken, was meaningless, invalid and void, and described no property, and no valid assessment could be levied for the payment of such compensation. *Pickering* v. *Lomax,* 120 Ill. 298.

It was error for the court to exclude from the jury all the evidence of a dedication. If the evidence tends to prove the issue, it must be left to the jury. *Follansbee* v. *Chicago,* 62 Ill. 288; *Daniel* v. *People,* 21 id. 439; *Stock Yards* v. *Wiggins Ferry Co.* 102 id. 518; *Cooley* v. *O'Conner,* 12 Wall. 391; Wells on Questions of Law, 11.

Mr. JOHN S. MILLER, Mr. CHARLES C. GILBERT, and Mr. EDWARD MAHER, for the appellee:

The error in the description of the land by the jury is so slight as to work no injury.

The only question for the consideration of the jury in special assessment cases is the amount of benefits assessed or to

be assessed. Rev. Stat. chap. 34, art. 9, sec. 31; *Goodwillie* v. *Lake View*, 137 Ill. 51.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This is an appeal from a judgment of the Circuit Court of Cook county confirming a special assessment. It appears that, on petition of the city of Chicago to condemn certain land for opening Seventy-fourth street from Wright street to Wallace street, such proceedings were had, that the necessary land was condemned, and the compensation to be paid the owners thereof was fixed and ascertained by a jury. A supplemental petition was then filed, asking for the appointment of commissioners to assess the amount of such compensation upon the property deemed to be benefited by the improvement, and such commissioners having been appointed, and having made and returned their assessment roll, the appellant, whose land, consisting of a tract of ten acres adjoining the proposed improvement on the north, was assessed $2467.55, appeared and contested the application to the court for a judgment confirming the assessment. The objections interposed, so far as they are material here, are the following:

"1. Said assessment is not levied on the several parcels of land in proportion to the benefits derived from the improvement.

"2. Said assessment exceeds the benefits which will accrue from said improvement.

"3. Said assessment upon objector's property exceeds a proportionate share of the expenses of said improvement.

"4. That said objector's property has already been assessed for opening numerous other streets through said property which are amply sufficient for all needs of said property.

"5. Said assessment is void because the jury in this case, in their verdict, in awarding compensation to be paid to the owners of the property taken for said improvement, have described the property by void, illegal and erroneous descriptions.

"6. Said special assessment is void for the reason that said Seventy-fourth street, from Wright street to Wallace street, long before the filing of said petition for condemnation, was dedicated, platted, opened and used as a public street and highway."

On the hearing of these objections, a jury was impaneled, but the court refused to submit to such jury the issues raised by the fifth and sixth objections, but decided them himself, and the refusal to submit those objections to the jury is assigned for error.

Those two objections are obviously in the nature of collateral attacks upon the judgment of condemnation. The fifth objection attempts to set up that the verdict of the jury in the condemnation proceeding wholly failed to describe the land condemned, and was therefore void for uncertainty, and that the judgment based thereon is consequently void; and the sixth objection sets up that the land sought to be condemned had already been dedicated by the owner for the purposes of a street, and could not therefore be condemned for the same purpose, and that the condemnation thereof had been improperly and improvidently made. Even if it be conceded that these are proper matters to be alleged by way of objection to the confirmation of the assessment levied to pay the compensation awarded to the owners of the property taken— a question which we do not deem it necessary to consider— we think it plain that neither presented an issue which, under the provisions of section 31, of article 9, of the City and Village Law, the objector had a right to have submitted to a jury.

The fifth objection raised a mere question of law, which, upon every principle of correct practice, was for the court and not for the jury. Whether the description of the land sought to be condemned, as it appeared in the verdict of the jury in that proceeding, was so imperfect and uncertain that no valid judgment could be rendered upon it, was a matter for the court to determine. Such determination could be had only

by inspection of the records of the condemnation proceedings, and as the interpretation of those records was purely a matter of law, there certainly was no error in refusing to submit it to the jury.

But on examining the verdict, as the same was offered in evidence and is preserved in the bill of exceptions in this case, we find that, while the description which it gives of the land condemned is somewhat informal, it is not so imperfect as to make the identity of the land intended to be described at all uncertain. The description of the land, as it appears in the condemnation proceedings anterior to the verdict is as follows: "Lots B and C, (except the east 66 feet of the west 248.95 feet thereof), of Auburn Park, being a subdivision," etc., (describing the tract subdivided). The verdict was as follows:

"We the jury find the just compensation to be paid to the owner or owners of the following described pieces and parcels of land and property sought to be taken or damaged for or by the proposed improvement, as follows, to-wit:

"In Auburn Park, a subdivision of," (describing the subdivision):

"To the owner or owners of (except E. 66 feet W. 248.95 ft.), out lot B, of said subdivision, $2360.

"To owner or owners of (except east 66 feet of west 248.95 ft.), out lot C, of said subdivision, $2860.

"And we the jury find that no other property will be taken or damaged by the proposed improvement."

The only material defect in the description of the property thus given, suggested by counsel for the objector is, that it omits the word "of" before "248.95 ft." in that part of the description of out lot B, embraced in the parenthesis. We are of the opinion that this omission created no material uncertainty as to the land intended to be described. Any one at all familiar with the abbreviated descriptions of land usual in tax and assessment proceedings, would readily supply the omitted word, or read and understand the description pre-

cisely as though the word had been used. There was no ground therefore for holding that the verdict was insufficient to warrant the entry of judgment. In no point of view then can it be seen that any error was committed by the court in disposing of this objection as it did. The objection was untrue in fact, and was properly disallowed.

By the sixth objection, as has already been stated, the objector alleges that the land condemned for purposes of a street, had been previously dedicated to the public for street purposes, and that its condemnation, and the award to the owners of compensation therefor, were unnecessary and unauthorized. The propriety of the condemnation, and the power to make it, were matters which were necessarily passed upon by the court in the condemnation proceedings. They were jurisdictional, and the court, by entering the judgment of condemnation, necessarily determined that the property might properly be condemned. It is therefore, to say the least, doubtful, whether the propriety of its condemnation can now be questioned collaterally.

But however that may be, it seems very plain, that, under the provisions of the statute, an objection attempting to raise a question of that character, does not present an issue which the property-owner is entitled to have submitted to a jury, on application for confirmation of the assessment of benefits, upon the property deemed to be benefited by the improvement. Section 31, of article 9, of the City and Village Act, provides that "if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed." In *Goodwillie* v. *City of Lake View*, 137 Ill. 51, this provision was under consideration, and we there said: "The matters to be submitted to the jury lie within a narrow compass, and include only the amount of benefits assessed or to be assessed. If it appears that the premises of the objector are assessed more or less than they

will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and shall also find the amount the premises should be assessed. No other verdict is required or can be rendered. It is clear therefore, that only such objections as question the amount of benefits returned against the objector's premises can create the necessity for submission of the assessment to a jury."

But the court, although declining to submit the sixth objection to the jury, as under the decision just cited it was proper for him to do, permitted the parties to introduce evidence upon the question whether there had been a previous dedication of the land sought to be condemned for street purposes. This evidence was heard by the court in the presence of the jury, and when it was all in, he refused the prayer of the objector's counsel to instruct the jury to pass upon it and find that a dedication had been proved, but passed upon it himself and found that issue against the objector.

We have examined the evidence submitted, and while there is some evidence tending to show a dedication, yet when it is all considered together, it comes far short of that clear and satisfactory proof which the law requires in such cases. We are of the opinion then, that in disposing of the sixth objection, no error was committed of which the objector has a right to complain.

No evidence whatever applicable to the other objections was offered. No attempt was made to show that the objector's land was assessed more than it was benefited, or more than its proportionate share of the cost of the improvement. There was nothing therefore, so far as those objections were concerned, for the jury to pass upon. Such being the case, the objections were properly overruled.

After careful consideration of the record, we fail to find any material error. The judgment of the Circuit Court confirming the assessment will be affirmed.

*Judgment affirmed.*