FREDERICK F. AYER *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa March 31, 1894.*

1. JUDGMENT—*amending after adjournment of term.* It is a well settled rule that after a term has expired a court has no authority to set aside a judgment, or to amend it except in matters of form and for the purpose of correcting clerical errors. It is also a general rule that amendments of the record will not be allowed after the close of the term at which the record was made, unless there are some memoranda, minutes or notes of the judge, or something appearing on the records or files to amend by, and notice should be given of an amendment in a matter of form.

2. SAME—*void for want of jurisdiction.* Where an order allowing a material amendment in the record is entered at a subsequent term without notice to the adverse party, the court entering such order is without jurisdiction, and such order can be assailed in a collateral as well as in a direct proceeding.

3. EMINENT DOMAIN—*when judgment is final.* A judgment of condemnation of land for public use is conditional, as not working a condemnation until the compensation awarded is paid, and the municipality prosecuting the proceeding has a right to abandon the improvement. But the judgment of condemnation is a final one as to the amount of the compensation awarded, unless appealed from.

4. SAME—*amending record—after expiration of the term.* The act of 1891, amending section 53 of article 9 of the City and Village act, which authorizes the dismissal of a proceeding to condemn when the compensation awarded is not paid within two years, does not authorize the alteration or amendment of the record after the expiration of the term at which it was rendered.

5. The verdict of the jury in a condemnation proceeding can not be changed, in the absence of the jury, after their discharge, and after the expiration of the term at which their verdict was rendered. The general rule is, that if the jury has been allowed to finally separate, the jurors can not be again re-assembled and their verdict corrected by them.

6. In a proceeding to condemn a strip of land for the purpose of widening a street, the verdict of the jury made two awards to the owners of a certain part of the land, upon which judgment was entered. At a subsequent term, the court, on motion of the city, and without notice

to any one, set aside the judgment, and amended the award of the jury so as to make one award apply to the north half of the strip and the other to the south half: *Held,* that the amendment was not one of mere form, and that the court had no power to allow the same after the lapse of a term.

7. SAME—*right to award of jury—changing verdict.* A party whose land is sought to be taken for public use is entitled to just compensation, to be ascertained by a jury. When the court sets aside the judgment based upon the verdict of a jury, and changes the verdict in a material way without the consent of the jury or the owner, the verdict, as amended, will be void, and can not form the basis of a judgment that will be binding.

8. A proceeding by special assessment to raise money to pay the compensation and damages awarded for property taken or damaged by a city for a local improvement is based upon an award of compensation, which must be a valid and legal one, and must have been made in the mode and by the tribunal authorized to make it by the constitution and the law.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. THORNTON & CHANCELLOR, for the appellants.

Mr. M. W. ROBINSON, Mr. W. E. THOMAS, Mr. LOCKWOOD HONORE, and Mr. A. KRAUS, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

From an order entered herein upon December 10, 1892, it would appear, that this was a supplemental proceeding, begun under section 53 of Article 9 of the City and Village Act, for the purpose of making an assessment to raise the amount necessary to pay the compensation and damages, theretofore awarded for property to be taken and damaged for opening Homan Avenue from West Lake Street to West Ohio Street in Chicago; but we fail to find anywhere in the record the supplemental petition provided for in said section, and upon which said order purports to be based. The absence of the petition from the record is not referred to by counsel on either

side. The order appoints commissioners to make special assessments of benefits to raise said amount, together with the costs, being $12,530.61, and directs them to apportion said sum as provided by law. An assessment roll was made and returned into court, assessing the property of appellants the full amounts awarded them as compensation by the judgment of condemnation previously entered. They filed objections to the confirmation of the assessment roll, among which were the following: "18th, that there is no authority of law for making the said assessment for the proposed improvement;" "20th, that the description of the property sought to be assessed is imperfect, indefinite and insufficient;" "23d, that said assessment is wholly unconstitutional, inequitable and void." The jury returned a verdict finding the issues for the petitioner; motion to set aside the verdict was overruled, and judgment was entered confirming the assessment. From this judgment the present appeal is prosecuted.

The condemnation proceeding, to which the assessment proceeding was supplemental, was conducted under sections from 3 to 15 inclusive, concerning eminent domain, of said article 9, and was based upon an ordinance passed by the City Council of Chicago on September 23, 1889, ordaining that said Homan Avenue from West Lake Street to West Ohio Street be opened and widened by condemning therefor "the west 33 feet of S. W. $\frac{1}{4}$ East $\frac{1}{2}$ N. E. $\frac{1}{4}$ (except boulevard) section 11, T. 39, N. R. 13, E.," and other property. Homan Avenue, which was 33 feet wide, was to be still further widened to a width of 66 feet, and said 33 feet of said S. W. $\frac{1}{4}$, etc., was a strip to be taken from the west side of property belonging to the appellants, to be added to the street. Appellants were not personally served with process in the condemnation suit, and did not appear therein. Publication was made as to them as against unknown owners under section 6 of said article 9.

A jury was empanelled and sworn to ascertain and report the just compensation to be paid for said strip, and other property. On July 8, 1890, they returned a verdict, finding the just compensation to be paid to the owners of the lands sought to be taken or damaged for the proposed public improvement, and, among the rest, to the appellants. The portion of the verdict applicable to their property was as follows: "In section 11, Township 39, North Range 13, East, * * * to the owner or owners of west 33 feet of southwest ¼ east ½ northeast ¼ (except Boulevard), $2861.76; to the owner or owners of the west 33 feet S. W. ¼ E. ¼ N. E. ¼ (except Boulevard) section 11, T. 39, 13, E., $2640.00." On the same day, upon motion of the City, judgment was rendered upon this verdict, adjudging said "sums of money awarded by the jury in and by their said verdict to the owner or owners," etc., to be "a just compensation * * * for the taking and damaging," etc., and that, upon payment of the same, etc., the City should have the right to take possession, etc.

At a subsequent term, towit: on September 2, 1890, an order was entered by the court, upon motion of the City, setting aside and vacating said judgment of July 8, 1890, and correcting the verdict rendered on that day, so as to make the portion thereof preceding the sum, $2861.76, read as follows: "to the owner or owners of north half of west 33 feet," etc., and so as to make the portion, following said sum, read as follows: "to the owner or owners of south ½ of the west 33 feet of S. W. ¼ E. ½ N. E. ¼," etc. No judgment was rendered upon the verdict, as thus corrected, until December 7, 1892, more than two years afterwards. On the latter day judgment of condemnation was entered upon the amended verdict, awarding the above amounts as just compensation. Three days afterwards, towit: on December 10, 1892, said order was entered appointing commissioners to assess benefits; but, when the supplemental petition was filed, does not appear.

The facts thus stated show, that the judgment in the con-demnation proceeding was vacated after the term, at which it was rendered, had passed, and without notice to the defendant property owners; and that the verdict of the jury was changed in the absence of the jurors, and long after they had been discharged.

It is a well settled rule that, after a term has expired, a court has no authority or discretion, at a subsequent term, to. set aside a judgment, or to amend it except in matters of form, and for the purpose of correcting clerical errors. It is also a general rule, that amendments of the record will not be al-lowed after the close of the term at which the record was made, unless there are some memoranda, minutes or notes of the judge, or something appearing on the records or files, to amend by. It has been held, that amendments in mere matters of form can only be made after notice has been given to the op-posite party. (*Cook* v. *Wood*, 24 Ill. 295; *Smith* v. *Wilson*, 26 id. 186; *Swift* v. *Allen*, 55 id. 303; *Goucher* v. *Patterson*, 94 id. 525; *C. & St. L. R. R. Co.* v. *Holbrook*, 72 id. 419; *Bryant* v. *Vix*, 83 id. 11; *Frew* v. *Danforth*, 126 id. 242; *The People* v. *Anthony*, 129 id. 218; *County of Cook* v. *Canal and Dock Co.* 131 id. 505.)

Was the amendment made in this case one of substance, or of mere form? The verdict of the jury made two awards to the owners of the west 33 feet of the S. W. $\frac{1}{4}$, one of $2861.76, and the other of $2640.00. Each sum is an award of com-pensation for the whole strip, and not for any aliquot part of it. How can we know, that the jury intended the aggregate of these sums, to wit: $5501.76, as compensation for the whole strip? How can we know, that they did not intend one of these sums to be the total compensation for the whole strip? The amendment makes them award $2861.76 as compensa-tion for the north half of the strip, and $2640.00 for the south half thereof. But how can it be said, that they intended to apportion these two amounts in the way thus designated?

The plat attached to the ordinance gives the length of that portion of the strip lying north of the boulevard as 502 feet, and the length of that part lying south thereof as 450 feet. It can as well be assumed, that they intended to apply the larger sum to the 502 feet, and the smaller sum to the 450 feet, as that they intended to apply them, the one to the north half, and the other to the south half.

There is an unexplained indefiniteness about the verdict. Assuming that an error, or supposed error, in the verdict stands upon the same footing as an error in any other part of the record, we can not say that the error is one of mere form. Nor is it an error committed by the clerk, or any other officer of the court. It has been said, that "after the expiration of the term * * * the power of courts over the record is confined to errors and mistakes of their officers." (*C. & St. L. R. R. Co.* v. *Holbrook, supra*). But, here, the mistake, if mistake there was, was committed by the jury. The amendment was made in the absence of the opposite party and without notice. There was nothing in the record to amend by, no note or minute of the judge, or other memorandum of any kind. The amendment cannot be regarded otherwise than as one of substance, and such an one as could not, in the case of an ordinary judgment, be made after the close of the term.

But it is said, that a judgment in a condemnation proceeding of this kind is not to be treated in this respect as an ordinary judgment, but merely as interlocutory, and, therefore, within the control of the court for change or amendment, even after the lapse of the term. In support of this view, reference is made to the proviso, added as an amendment to said section 53 by the Act of June 18, 1891. (Laws of Ill. 1891, page 80; 3 Starr & Cur. Stat. page 207). This amendment provides, that the city shall take and pay for the land sought to be condemned within two years after the entry of the judgment of condemnation, and, in default of its doing so, that the Court may, on motion of a property owner, dismiss

"such proceeding" so far as it relates to the lands of such person, after requiring the city to pay for the lands "within a short day to be fixed by the court." The concluding clause of the amendment is as follows: "And every such cause shall be considered as pending in the court in which the same has been, or shall be commenced, until all the lands sought to be taken are paid for, or until the proceedings are dismissed where the lands have not been taken." Evidently, the cause is to be considered as pending for the purpose of accomplishing the object contemplated by the amendment, and not for the purpose of changing the judgment awarding compensation. The amendatory Act provides a mode of compelling a payment of the judgment within a certain time, so as to relieve the title of the property from a continuing cloud. The judgment is a conditional one as working a condemnation of the land, until the award is paid; and the municipality has a right to abandon the improvement. (*C. & N. W. Ry. Co. v. Chicago*, 148 Ill. 141). But the judgment of condemnation is a final one as to the amount of the compensation awarded, unless it is appealed from. (City & Village Act, Art. 9, sec. 14; 1 Starr & Cur. Stat. page 491). It does not follow, because the amendatory Act provides for wiping out the whole proceeding in case the city fails to pay for the property within a specified time, that the judgment, fixing the amount to be paid for the property, can be altered, or amended, after the expiration of the term at which it was rendered. There must be some fixedness about the award of compensation, in order that the municipality may know certainly what it has to pay, and may have a certain basis for making the assessment to raise the amount necessary to compensate the property owner.

But, even if it be true, that a condemnation judgment under said article 9 is not such a judgment as is subject to the rule forbidding amendments after the close of the term, we cannot yield our assent to the doctrine, that the verdict of the jury, upon which such a judgment is founded, can be changed in

the absence of the jury, and after their discharge, and after
the expiration of the term at which the verdict was rendered.
The general rule is, that, if the jury has been allowed to finally
separate, the jurors cannot be re-assembled, and their verdict
corrected by them. (Thornton on Juries and Instructions,
sec. 270; *Trout* v. *West,* 29 Ind. 51; *Sage* v. *Brown,* 34 id.
464.) In *Bodine* v. *Swisher,* 66 Ill. 536, where the action was
debt on a replevin bond, the jury returned a written verdict
into court, finding the damages only, and not the debt; and,
at a subsequent term, the record was amended by the min-
utes upon the judge's docket, which showed an entry of both
the debt and damages; in that case, it did not appear that,
at the term when the verdict was rendered, the jury, or the
counsel for the defendant, consented that it should be amended
by the court; and it was held, that the amendment was mate-
rial, and could not be made without the consent of the jury
themselves, or of counsel for defendant. We there said : "The
action of the court in amending, in a material matter, at a
subsequent term, by his own minutes, the written and recorded
verdict of a previous term, we cannot regard as authorized by
correct practice, or binding upon the defendant."

It is claimed, however, that the condemnation judgment
was rendered in a proceeding entirely distinct and separate
from this supplemental proceeding, and that the condemna-
tion judgment cannot be collaterally attacked. There would
be much force in this position, if the court had jurisdiction
to render the condemnation judgment, which lies at the basis
of the assessment proceeding. Judgments entered without
jurisdiction are void, and will be so held in a collateral pro-
ceeding. (12 Am. & Eng. Encl. of Law, page 1470). The
object of filing the supplemental petition, provided for in said
section 53, is to pray "the court to cause, that an assessment
be made for the purpose of raising the amount necessary to
pay the compensation and damages, which may be, or shall
have been, awarded for the property taken, or damaged, with

the costs," etc.   Hence, an award of compensation for the property taken or damaged lies at the very foundation of the supplemental proceeding.   The award must be a valid and legal one, and must have been made in the mode, and by the tribunal, authorized to make it by the constitution and the law.   The order of December 10, 1892, appointed commissioners to make special assessment of benefits to raise the amount necessary to pay the compensation awarded by the judgment of December 7, 1892, and not the compensation awarded by the judgment of July 8, 1890, because the aggregate amount to be raised as mentioned in said order is $11,750.61 exclusive of costs and expenses ; and this amount, which did not include the award made to the railroad company, was the amount awarded by the former judgment, while the latter judgment embraced the railroad award.

If the court had no power to make the order of September 2, 1890, setting aside the judgment of July 8, 1890, and amending it in the manner already stated, because of the expiration of the term, then the court had no power to render the judgment of December 7, 1892, because it was based upon the vacating order of September, 1890, and the amendment thereby made.   Where an order allowing a material amendment is entered at a subsequent term without notice to a defendant, the court entering it acts without jurisdiction, and the order is "absolutely void, for want of jurisdiction, and can be assailed in a collateral as well as in a direct proceeding." *(Swift* v. *Allen,* 55 Ill. 303).

But we think, that the judgment of December 7, 1892, which lies at the basis of this supplemental proceeding, was void for another and more serious reason, whether the court has the power to amend such a condemnation judgment as this after the close of the term, or not.   The constitution of the State provides, (Art. 2, sec. 13) that "private property shall not be taken or damaged for public use without just compensation," and that "such compensation, when not made by the State,

shall be ascertained by a jury, as shall be prescribed by law." It is the constitutional right of these appellants, not only to have just compensation for the strip of land taken from them, but also to have the amount of that compensation awarded to them by a jury. When the court set aside the judgment based upon the verdict of the jury, and changed the verdict in the manner already stated at a subsequent term, and in the absence and without the consent of the jury, or of appellants, there was a new verdict rendered, not by a jury, but by a court acting without a jury. The judgment of December 7, 1892, was based upon this new verdict of the court, and consequently the compensation fixed by it was awarded in a manner not authorized by the organic law. In the exercise of the power of eminent domain, which takes the property of the citizen away from him without his consent, the limitations prescribed by the constitution should be strictly observed, and the statutes passed in pursuance thereof should be strictly complied with.

It is said, that the objection now urged to the validity of the condemnation judgment, was not filed or made in the court below, and that, upon the authority of *Hunerberg* v. *Village of Hyde Park*, 130 Ill. 156, it cannot be made here for the first time. But we think, that the point is included in and covered by the three objections hereinbefore quoted.

The case of *Gage* v. *City of Chicago*, 146 Ill. 499, merely holds, that an objection of this character is properly addressed to the court, and should not be submitted to the jury, in the proceeding for the special assessment of benefits.

The judgment of the Circuit Court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Judgment reversed.*