## Edwin A. Warfield, Executor, v. John C. Patterson.

### Gen. No. 13,202.

1. VERDICT—*what language added to usual form of, does not affect. Held,* that the addition by the jury of the words "due on the 9th day of February, 1898," after the amount found in an action of assumpsit, neither added to nor detracted from the meaning and effect of the verdict.

2. VERDICT—*when jury may not be required to return amended form.* After a verdict has been received and the jury allowed to separate, their control over the case is at an end and the court is without authority afterwards to require them to return a new or amended verdict.

3. VERDICT—*when will not support judgment.* A void verdict will not support a valid judgment.

Attachment. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed July 9, 1907.

**Statement by the Court.** This is an appeal in attachment originally begun by appellee February 9, 1898, and in which he obtained judgment March 24, 1898, for $3,340. The defendant, George T. Cline, since deceased, sued out a writ of error and when the cause reached the Supreme Court that tribunal reversed the judgment and remanded the cause to the Circuit Court for a new trial.

Meanwhile appellee had sued out an execution under which the sheriff levied upon and sold certain lands of the judgment debtor and out of the proceeds paid appellee the sum of $3,392.38 in full satisfaction of the judgment. After the cause was remanded the defendant traversed the affidavit in attachment, pleaded the general issue and subsequently filed special pleas claiming a set-off by reason of the amount paid to appellee under the execution. In November, 1903, the death of the defendant Cline was suggested.

Before the cause was reached for trial the *ad damnum* was increased to $10,000, and the papers amended accordingly. At the trial evidence was introduced, tending to support the plaintiff's claim that the value of the services for which he sought to recover was considerably in excess of the amount recovered under the original judgment which had been reversed by the Supreme Court. The jury returned a verdict as follows: "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of $1,660 due on the 9th day of February, 1898."

Two days later the jury were reassembled, over appellant's objection, given an additional instruction and permitted to retire; whereupon they returned a second verdict, which differed from the first in that it omitted the words "due on the 9th day of February, 1898." The judgment is to the effect that the plaintiff recover from defendant Warfield, as executor of the will of George T. Cline, deceased, $1,660 with costs, to be paid in due course of administration. From that judgment this appeal is prosecuted.

The record shows that when the jury retired April 4 to consider their verdict it was agreed by plaintiff and defendant they might return a sealed verdict and separate after agreeing to and signing it. The next morning, April 5, at the opening of court the jury returned their verdict in form as above set forth. So far as appears no objection to it was made at the time by either side, and the jury were discharged from

further consideration of the cause. Upon the day following, however, April 6, counsel on both sides appeared before the court and a question was raised as to the meaning of the verdict. Appellee by his attorney claimed it was the jury's intention to find there was due the amount mentioned in the verdict, and moved that the words "due on the 9th of February, 1898," be stricken out. To this appellant's attorney objected that the "striking out of that latter clause which was put in for a purpose would be a material amendment to this verdict of the jury," and further claimed the verdict showed on its face that "the jury found at the date of the commencement of this suit that Mr. Cline was indebted to Mr. Patterson $1,660 and that from that should be deducted $3,340," which Patterson had collected, since on February 9, 1898, he began his suit, and that defendant would be entitled to a judgment on the verdict for the difference of $1,680.

The court thereupon recalled the jury—seven of whom had been sworn as jurors in and were then hearing another case—into the jury box and instructed them as follows:

"The jury are instructed that if it was their intention by their verdict in the case of Patterson v. Cline, in which you rendered your verdict on the 4th day of April, 1906, whereby and wherein you said, 'We, the jury, find the issues for the plaintiff and assess his damages at the sum of $1,660, due on the 9th day of February, 1898, 'to find, if it was your intention to find, that said sum was on that day due to the plaintiff after allowing the defendant credit for $3,340, which you are instructed to allow as credit, you will amend your verdict by striking out the words 'due on the 9th day of February, 1898,' and return it again into court.'"

The jury then retired and returned with a new verdict finding the issues for the plaintiff and assessing the damages at the sum of $1,660.

MASON & WYMAN, for appellant; LOESCH, SCOFIELD & LOESCH, of counsel.

JOHN C. PATTERSON, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

We are asked to reverse the judgment appealed from upon a number of grounds, all of which have been carefully considered. We deem it necessary to examine at length only one of these contentions, which is that the Circuit Court erred in recalling the jury after they had been discharged and had separated, giving them another instruction and permitting them to retire and bring in another verdict.

By their original verdict the jury found the issues for the plaintiff, and assessed his damages at a definite sum. The additional finding that the amount had been due at a fixed prior date neither added to nor detracted from the meaning and effect of the language of the verdict. Under the facts in evidence in the particular case, however, in connection with instructions given, the addition of the words "due on the 9th day of February, 1898," had the effect to create a doubt as to the meaning of the verdict, which in another case would not have arisen. The added clause raised a question as to whether or not a judgment based on that verdict might not expose the plaintiff to a suit by defendant to recover the difference between $3,340. which plaintiff had received from the defendant after February 9, 1898, and $1,660 which the verdict found due plaintiff on that date.

We are of opinion, however, that since the verdict had been received and the jury allowed to separate, their control over the case was at an end. They had no authority afterward to return a new or amended verdict. In Rigg v. Cook, 9 Ill. (4th Gil.) 336-346-352, it had been agreed by counsel that the jury might seal up their verdict and separate and that the verdict.

Warfield v. Patterson.

might afterwards be reduced to proper form. At ten o'clock the next morning the sealed verdict was opened and at two o'clock of the same day it was reduced to form without objection. Defendant's counsel then asked that the jury which had not been discharged for the term might be polled. To the denial of this request the defendant excepted. The court said: "After a verdict is received and the jury discharged, the control of the jury over the case is at an end, and they cannot be recalled to alter or amend the verdict When the verdict was opened * * * the appellant might have insisted on her right to have the jurors severally asked if it was their verdict; but omitting to exercise the right then she was precluded from doing it afterwards. * * * The right of the appellant to have the jury polled was gone, for the reason that the control of the jury over their verdict had ceased." In Ayer v. City of Chicago, 149 Ill. 262-269, it is said: "The general rule is that if the jury has been allowed to finally separate, the jury cannot be reassembled and their verdict corrected by them." In Wilcoxon v. Roby, 8th Ill. (3 Gil.) 475, it was said that "the defect in the verdict could not have been corrected in the Circuit Court after the jury had delivered their verdict and been discharged. The Circuit Court could enter no proper judgment on such a verdict."

In the case at bar after the sealed verdict had been read in open court the jury had separated. Their control over the verdict was then at an end. The amended verdict which was subsequently returned and upon which the judgment was entered had no validity. Hence the judgment itself is erroneous. It must therefore be reversed and the cause remanded.

*Reversed and remanded.*