Anna Howard, Appellant, v. A. S. Howard, Appellee.

Heard in this court at the October term, 1939. Opinion filed March 7, 1940. Rehearing denied April 10, 1940.

J. E. CARR, of West Frankfort, for appellant.

EVERETT LEWIS, of Benton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the city court of Johnston city, Illinois, praying that all the entries, orders, findings and judgment, subsequent to the decree of September 14, 1938, entered by Hon. Ray D. Henson, judge of the city court of Johnston City, Illinois, in this cause, may be set aside, reversed, and declared for naught, and that the entries, findings, and decree rendered on September 14, 1938 be and remain in full force and effect.

It appears from the record in this case that on the 14th day of September, A. D. 1938, a decree of divorce was obtained in the city court of Johnston City, Williamson county, Illinois, before the Hon. Ray D. Henson, presiding judge, by Anna Howard, plaintiff appel-

lant herein, from A. S. Howard, defendant appellee herein, upon a complaint which had been filed that day, and an entry of appearance, and upon which said complaint and the entry of appearance filed therewith, on the same day, evidence was heard and a decree granted plaintiff appellant. On the 8th day of December, 1938, the defendant appellee filed his verified motion in said court to vacate the decree filed on September 14, 1938, and to expunge the same from the record, and as grounds for the vacating of said decree and expunging same from the record, the said defendant appellee alleged that the entry of appearance was a forged entry of appearance, and that neither the plaintiff Anna Howard, nor the defendant A. S. Howard, resided within the territorial jurisdiction of the court, but that Anna Howard resided in West Frankfort, Franklin county, Illinois, and A. S. Howard resided in Springfield, Sangamon county, Illinois, and that neither of the parties resided in Johnston City, Williamson county, Illinois. To this motion to vacate the decree entered on September 14, 1938, and to expunge same from the record, the plaintiff appellant herein filed her motion to strike said motion to vacate said decree, and on the 17th day of December, 1938, a hearing was had on the motion to strike, both parties appearing by their respective counsel, and after a hearing, the court denied the plaintiff's motion to strike the motion to vacate the decree, and proceeded to a hearing on defendant's motion to vacate the decree entered on September 14, 1938, and defendant appellee offered testimony in support of his motion to vacate said decree, and the cause was then continued until December 31, 1938 for evidence of plaintiff appellant. On December 31, 1938, the hearing was resumed and no further evidence was offered, and the court thereupon, on said date, vacated and held for naught the decree of September 14, 1938, and declared said decree to be null and void and of no effect. On January 28, 1939, the plaintiff appellant, by her attor-

ney, asked leave of court to file her motion to vacate and strike all docket entries and orders, and to expunge all entries entered in said docket in this cause subsequent to September 14, 1938, and to leave in full force and effect the decree entered in said cause on September 14, 1938. Leave was given to file said motion, and same was filed, and a hearing thereon set for February 11, 1939, and on February 11, 1939, a hearing was had on said motion, and the same was denied.

It is urged on this appeal that the trial court erred in entering an order and decree vacating the judgment and decree of the court entered on September 14, 1938, after more than 60 days had elapsed from the entering of the judgment and the decree in said cause, before filing of the defendant's motion to vacate said decree; and that the trial court erred in not sustaining the cross motion to strike the motion to vacate the decree; and that the court should have vacated all entries, orders, judgment and decree subsequent to September 14, 1938, and have left the original decree in full force and effect.

In the view we take of this case the issue for determination is, did the entry of appearance filed in this case on September 14, 1938 confer jurisdiction on the court to hear and determine the case. No claim is made that jurisdiction of the defendant appellee was acquired in any other manner. A full and complete hearing was had on this issue before the trial court, and after that hearing, the trial court made a finding that the entry of appearance was a forgery, and that neither plaintiff appellant, nor defendant appellee, lived within the territorial jurisdiction of the court. We are persuaded that there was sufficient evidence upon which the court made this finding to support said finding, and that same should not be disturbed by this court. The trial court, not having had jurisdiction of the parties to this cause, at the time the decree was entered, upon being apprised of that fact very properly vacated and set aside the decree, and while it is contended by the plaintiff appel-

lant that the court was without jurisdiction to vacate and set aside the decree of September 14, 1938 for the reason that a motion so to do was not filed until more than 60 days after the entry of said decree, we cannot agree with said contention for the reason that a decree entered without jurisdiction is void and may even be attacked collaterally (*Dickey v. City of Chicago,* 152 Ill. 468; *Ayer v. City of Chicago,* 149 Ill. 262; *City of Chicago v. Nodeck,* 202 Ill. 257); and a court entering a judgment against one not served with process in some mode authorized by law, and not appearing, has power to set said judgment aside either at the same or a subsequent term (*Keeler v. People ex rel. Kern,* 160 Ill. 179; *Clark v. Daniel Hayes Co.,* 215 Ill. App. 350).

The action of the trial court in vacating and setting aside the decree of September 14, 1938 was right and proper, and the same is accordingly affirmed.

*Judgment affirmed.*