(No. 31398.—

GEORGE H. STEFFENS, Appellee, *vs.* BERTHA M. STEFFENS, Appellant.

*Opinion filed January 18, 1951.*

CASSELS, POTTER & BENTLEY, of Chicago, (RICHARD H. MERRICK, and FRANCIS C. PALMER, of counsel,) for appellant.

PAUL F. KOENIG, of Chicago, for appellee.

EDWARD R. ADAMS, of Chicago, *amicus curiae*.

Mr. JUSTICE FULTON delivered the opinion of the court:

A decree of divorce was entered, in a suit between the parties herein, by the superior court of Cook County on July 9, 1946. On May 7, 1948, the appellant, Bertha M. Steffens, filed a petition in said court to vacate the decree on the ground that her husband, George H. Steffens, the plaintiff in that suit, was not a resident of Cook County and the State of Illinois for a period of one year prior to the filing of his complaint therein, and that the plaintiff and his witnesses falsely testified thereto. On motion the trial court struck the petition and the Appellate Court affirmed such action. Petition for leave to appeal was granted by this court.

The record in the case discloses that the complaint of appellee was filed October 1, 1945, alleging residence in Cook County, Illinois, for more than one year preceding the filing of the suit, and charging desertion on the part of the appellant. At the time of the alleged desertion, the parties were living in Binghamton, New York. The appellant was served by publication. She filed a written appearance through a firm of Chicago attorneys of her own

choosing and answered the complaint, neither admitting nor denying the residence of the appellee, but demanding strict proof of the material allegations. The answer also contained affirmative charges of adultery on the part of appellee. Amendments were filed both to the complaint and the answer and the cause came on for hearing in the superior court. The appellant did not appear personally or by attorney at the hearing, although attorney for appellant admits notice was served upon him by appellee's attorneys to have the cause set for trial.

Proofs were heard on the residential requirements and upon the cause for divorce. On July 9, 1946, a decree of divorce was awarded to appellee on the grounds of desertion. It recited that the court had heard the testimony of witnesses taken in open court and was fully advised in the premises; that it had jurisdiction of the parties and of the subject matter; that the appellee was, and since prior to the filing of the complaint had been, an actual resident of Cook County, and had been a resident of the State of Illinois for over one year next preceding the filing of the complaint. September 23, 1946, the appellant's then attorney, without her knowledge, filed a verified motion to vacate the decree, setting up his illness and inability to attend the trial. This motion was denied. The petition here involved, verified by appellant and asking to vacate the decree, was filed on May 7, 1948. She alleged that she did not learn of the decree against her until April 3, 1948; that she was a resident of the city of Binghamton, New York, and resided with the appellee until the year 1945, when he left her; that he was not a resident of the county of Cook and State of Illinois for one year prior to October 1, 1945; that she was not guilty of desertion or of any of the other charges in the complaint; and that the charge of residence and the testimony concerning it were false, fraudulent and perjured. A motion to strike this petition was allowed.

The question involved in the case concerns the validity of the divorce decree entered by the superior court of Cook County, which is collaterally attacked by facts and evidence *dehors* the record.

The appellant contends that the testimony given by the appellee and his witnesses as to residence in Illinois was false and constituted such a fraud upon the court as gave it only colorable jurisdiction and was sufficient to invalidate the decree. She maintains that a decree so procured can be set aside on motion at any time for want of jurisdiction.

This court has announced in many cases that in case of a collateral attack on a judgment or decree all presumptions are in favor of the validity of the judgment or decree attacked, and want of jurisdiction to enter the same must appear on the face of the record to furnish the basis for such attack. *Prewitt* v. *Prewitt,* 397 Ill. 178; *Parsons* v. *Lurie,* 400 Ill. 498; *Cullen* v. *Stevens,* 389 Ill. 35.

Much reliance is placed by appellant upon the case of *In re Goldberg,* 288 Ill. App. 203, where leave to appeal was denied by this court and *certiorari* denied by the United States Supreme Court, 302 U.S. 693. The language in that opinion appears to be somewhat at variance with the cases above cited, but the denial of a leave to appeal cannot be construed to mean that this court adopts all the reasoning of the Appellate Court opinion. Another case cited by appellant, *Caswell* v. *Caswell,* 120 Ill. 377, is readily distinguished. There, a husband residing in this State sent his wife to her father's home in New York, on a visit, and prevented her return by fraudulent misrepresentations. While the wife was so absent, the husband filed his bill for divorce in a different county from that of his domicile, had publication made on his own false testimony that she was a nonresident of the State and procured a divorce on his own perjured testimony as to his residence and the conduct of his wife, all of which facts were concealed from her. The decree was secured without the wife's knowl-

edge, and without any notice to her. The court very properly held that the fraud of the husband precluded the wife from presenting any defense whatever and set the decree of divorce aside. No retrial of any issue, previously determined by the court upon due and proper notice, with an opportunity to be heard, was involved.

*Howard* v. *Howard,* 304 Ill. App. 637, involved a forged entry of appearance, the effect being that the defendant had never been served with notice of any kind and never afforded any opportunity for a hearing. Such cases and that character of fraud form an exception to the general rule, and evidence *dehors* the record on collateral attack may be shown. Cases where the fraud practiced on a party goes to the jurisdiction of the court or where the defendant was prevented from appearing, or from presenting any defense, without fault or negligence on his part, are clearly distinguishable from the facts in this case. We feel that the language of the Supreme Court of the United States in *Sherrer* v. *Sherrer,* 334 U.S. 343, indicates the settled policy of the law to be in accord with the rules adopted by this court. In the *Sherrer case,* at page 348, it was stated: "It is clear that respondent was afforded his day in court with respect to every issue involved in the litigation, including the jurisdictional issue of petitioner's domicile. Under such circumstances, there is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts. *Chicago Life Insurance Co.* v. *Cherry,* 244 U.S. 25 (1917); *Baldwin* v. *Iowa Traveling Men's Ass'n,* 283 U.S. 522 (1931)."

Here the question of the appellee's residence was a question of fact raised by his complaint. The appellant was properly served by publication and submitted herself to the jurisdiction of the court through her own chosen attorneys. She was given notice and had a right to present proofs upon that issue of fact. She was not present at the

hearing, but that was not because of any fraud on the part of appellee. He was guilty of no fraud that deprived her of an opportunity to be heard on all the issues of fact in the case. The testimony was introduced, including evidence of appellee's residence; the court determined the evidence and entered a decree of divorce accordingly. Nearly two years expired before this petition to vacate the decree was filed. The decree was valid on the face of the record.

We believe the well-settled law of the State of Illinois as herein stated is in the interest of the stability and permanency of not only divorce decrees but of the rights of property and other important rights of citizens dependent upon decrees of courts of general jurisdiction.

The judgment of the Appellate Court affirming the ruling of the superior court of Cook County in allowing the motion to strike the petition to vacate is, therefore, affirmed.

*Judgment affirmed.*