PATRICIA K. FLYNN, Plaintiff-Counterdefendant-Petitioner-Appellant, *v.* THOMAS WILLIAM FLYNN, SR., Defendant-Counterplaintiff-Respondent-Appellee.—(CONTINENTAL ILLINOIS NATIONAL BANK & TRUST CO. *et al.*, Defendants.)

First District (2nd Division)   No. 62363

Opinion filed January 18, 1977.

Rinella and Rinella, of Chicago (Stuart N. Litwin, of counsel), for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On May 11, 1971, defendant, counterplaintiff, respondent (hereinafter respondent) Thomas William Flynn, obtained a divorce from plaintiff, counterdefendant, petitioner (hereinafter petitioner) Patricia K. Flynn. On March 6, 1974, petitioner collaterally attacked the decree by filing a petition alleging that neither she nor respondent met the residency requirements of section 2 of the Illinois Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 3) and that the court lacked subject matter jurisdiction over the parties. Section 2 of the Act provides:

"No person shall be entitled to a divorce in pursuance of the provisions of this Act, who has not resided in the State one whole year next before filing his or her complaint * * *."

On September 4, 1969, petitioner filed a complaint for injunctive relief against respondent, Continental Illinois National Bank & Trust Co. (Continental), and Richard Farr. In that complaint she asked for custody of the minor child of her marriage to respondent, that a conservator be appointed for respondent and that the court ascertain the availability of trust funds held by Continental for support of petitioner. Petitioner alleged in the complaint that she has been a resident of Buena Park, Orange County, California.

Respondent filed a special appearance contesting the jurisdiction of the court and alleged that he had not been served with summons, that he was not a resident of Illinois and that he was not amenable to process in Illinois.

On September 17, 1969, the court found that the appearance of respondent was a general appearance and that respondent was "within the general jurisdiction of the court." The court at that time granted leave for petitioner to amend her complaint and add count II.

On September 25, 1969, petitioner filed her amended complaint adding count II which prayed for child custody and support and separate maintenance and support. In the amended complaint petitioner alleged that "subsequent to the filing of this action, she is now and will for an indeterminate time reside in the City of Chicago, County of Cook, State of Illinois."

Respondent on March 26, 1970, alleged lack of jurisdiction over his person as to count II stating he was not an Illinois resident and not amenable to process. He moved that petitioner's amended complaint be stricken since divorce proceedings were pending in California. This motion was never ruled upon.

On June 19, 1970, respondent and petitioner personally appeared in open court and entered into a property settlement agreement.

On December 15, 1970, respondent filed an answer and a counterclaim for divorce alleging "that the court has jurisdiction over the subject matter herein and the parties hereto," and that petitioner "has, by her own admissions, since September, 1969, been a resident of the City of Chicago, County of Cook, State of Illinois." An order that same day required that petitioner answer or otherwise plead to the counterclaim within 28 days from that date. Although petitioner's Illinois attorney appeared in court and a number of continuances were granted, no answer to the divorce counterclaim was ever filed.

During the divorce hearing on May 6, 1971, the Illinois attorney of record for petitioner appeared specially, after due notice, to object to the court's jurisdiction over the person of petitioner and over the subject matter. The attorney did not know petitioner's current whereabouts but indicated that he, as well as respondent's attorney, had informed

petitioner's California attorney of the proceedings. During the hearing on respondent's counterclaim for divorce respondent stated under oath that he was a resident of the State of Illinois at the present time and at the time of filing of the counterclaim for divorce and for a period of more than one year immediately and continuously prior to the filing of the counterclaim for divorce. When asked to cross-examine, petitioner's attorney had "no questions." The decree for divorce, which incorporated the property settlement agreement, was entered May 11, 1971. That decree states in pertinent part:

"The court, having heard and considered the evidence adduced in open court and being fully advised in the premises, FINDS:

> 1. Counter-defendant PATRICIA K. FLYNN invoked the jurisdiction of this Court by filing an amendment to the complaint in chancery in the above cause on September 25, 1969, in which she alleged that "she is now and will for an undeterminate time, reside in the City of Chicago, County of Cook, State of Illinois." That no evidence has been presented to this Court that PATRICIA K. FLYNN resides or is a resident of any jurisdiction other than the State of Illinois.

> &ast; &ast; &ast;

> 4. That THOMAS WILLIAM FLYNN, SR., is now and was at the time of the filing of the counterclaim for divorce herein, and for more than one year immediately and continuously prior to the filing of the counterclaim for divorce, a resident of the State of Illinois.

> &ast; &ast; &ast;

> 7. That * * * this Court has personal jurisdiction of the parties to the cause and jurisdiction of the subject matter thereof."

■■ The law applicable to collateral attacks on decrees is stated in *Anderson v. Anderson* (1955), 4 Ill. App. 2d 330, 344, 124 N.E.2d 66, 73:

"In case of a collateral attack on a decree of a court of record, a court of general jurisdiction, all presumptions are in favor of the validity of the decree; when acting within the scope of its authority it is presumed to have jurisdiction to enter the decree until the contrary appears; nothing is presumed to be without its jurisdiction which does not specially appear to be so; want of jurisdiction to enter the same must affirmatively appear on the face of the record to furnish a basis for collateral attack; it can be attacked collaterally only by the record itself, such cannot be shown aliunde the record, its records import verity, and the 'record' consists only

of the pleadings, process, verdict, judgment or decree, and does not include the evidence, certificate of evidence, or bill of exceptions: Prewitt et al. v. Prewitt (1947), 397 Ill. 178; Parsons v. Lurie et al. (1948), 400 Ill. 498, Knowlton v. Knowlton (1895), 155 Ill. 158; Jeffries v. Alexander et al. (1914), 266 Ill. 49; Grimm v. Grimm (1922), 302 Ill. 511; Cullen v. Stevens et al. (1944), 389 Ill. 35; Steffens v. Steffens (1951), 408 Ill. 150."

■■ In addition to what has already been set out, petitioner points to the property settlement agreement and an affidavit of one of the attorneys as evidence that petitioner was not a resident. As the *Anderson* case points out it must affirmatively appear on the face of the *record* that there is a want of jurisdiction to enter the judgment. The judgment, which is part of the record, affirmatively shows that respondent was at the time of the filing and for one year prior thereto a resident of the State of Illinois. Indulging the presumptions in favor of the validity of the judgment in this collateral attack on the judgment, we do not believe petitioner has overcome those presumptions.

The judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.