CHARLES D. DICKEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

SPECIAL ASSESSMENTS—*sufficiency of service by publication.* Where a petition mentions a party defendant as a *known* owner, describing his property, publication, under section 6 of article 9, concerning special assessments as to *unknown* owners, will not be a sufficient service, and a judgment rendered without other service is void.

APPEAL from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

Messrs. MASON BROS., for the appellants:

The judgment of condemnation entered in this cause was void as to Hugh T. Dickey, he not having been served personally, or by publication notice addressed to him.

Rev. Stat. (Cothran's ed.) chap. 24, secs. 120–122; *Railroad Co.* v. *Smith,* 78 Ill. 99.

The city made Dickey a party defendant to its petition, and alleged that he owned certain lands therein described. By so doing it acknowledged his title to the lands, and cannot now be heard to deny that he was seized of them. *Railroad Co.* v. *Hopkins,* 90 Ill. 322.

The publication notice gave the court no jurisdiction over him, for it does not purport to be addressed to him. *Railroad Co.* v. *Smith,* 78 Ill. 99.

Mr. LOCKWOOD HONORE, and Mr. HARRY RUBENS, Corporation Counsel, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment in the Circuit Court of Cook County confirming an assessment in a supplemental proceeding, levied to raise the amount necessary to pay the compensation awarded by the judgment in a condemnation proceeding, commenced by appellee for widening Central Park Avenue between Chicago Avenue and North Avenue in the City of Chicago. The appellants, being the trustees and devisees under the will of Hugh T. Dickey, deceased, appeared and filed objections to the confirmation of the assessment below.

Several objections were filed to the confirmation of the assessment, all of which were overruled, and exception was taken. The only one of these objections, which is now insisted upon and which is discussed by counsel, is that the judgment of condemnation was invalid for want of jurisdiction over Hugh T. Dickey.

The petition for condemnation was filed on December 18, 1890. The condemnation judgment was rendered on July 22, 1891. The supplemental petition was filed on October 7, 1891. Hugh T. Dickey died June 3, 1892. The assessment roll was filed on February 10, 1893, and the objections were filed on February 20, 1893.

Section 5 of article 9 of the City and Village Act provides, that the petition for condemnation shall contain the names of the owners of the land to be taken or damaged, and where any known owners are non-residents of the State, the fact of such non-residence must be stated. Here, the petition states "that the lots, pieces of land and property which will be taken or damaged, and the names of the owners and occupants thereof, so far as known to the corporation counsel of the City of Chicago, the officer filing this petition, are as follows, viz.: Hugh T. Dickey, West 33 feet of S. ½ of Lot 1," etc. Then follow the names of other owners and the descriptions of other property. There was no allegation in the petition, nor any statement in any affidavit filed in the cause, that Hugh T. Dickey was a non-resident. (Sec. 6, art. 9, chap. 24, 1 Starr & Cur. pages 488, 489). Summons was issued against him and returned "not found" as to him. It is true, that affidavit was filed and publication made under section 6 of article 9 as to unknown owners. But this publication cannot be regarded as service upon Dickey, because his name was mentioned in the petition as a known owner. There was no service upon him either by summons or by publication. Therefore the condemnation judgment was absolutely void as to him and his property. The statute must be strictly complied with. Section 6 declares that "* * * a summons * * * shall be issued and served upon the persons made parties defendant, as in cases in chancery. And in case any of them are unknown or reside out of this State, the clerk of the Court, upon an affidavit being filed, showing such fact, shall cause publication to be made," etc. The petition for condemnation, after naming Dickey and other owners, in express words "makes said persons parties defendant."

It is true that the relief sought by the supplemental petition is collateral to the judgment of condemnation, but that judgment is only binding upon the parties thereto. (*Goodwillie* v. *City of Lake View*, 137 Ill. 51). It may be col-

laterally attacked in the supplemental proceeding when the court had no jurisdiction to render it. Judgments entered without jurisdiction are void, and will be held to be void in a collateral proceeding. (*Ayer* v. *City of Chicago*, 149 Ill. 262). We think that the court below should have sustained the objection.

The judgment of the Circuit Court is accordingly reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*