[No. 5467. Decided March 21, 1905.]

## THE STATE OF WASHINGTON, *Respondent*, v. FRANK RUTLEDGE, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—IDENTIFICATION—EXPERT EVIDENCE—OPINION OF POLICE OFFICER FROM DESCRIPTION—PERJURY. In a prosecution for perjury in having testified to an alibi for one F, charged with a certain robbery, the testimony of a police officer that, upon receiving a description of the guilty parties, he started out "to hunt for F and E, for the men that did the job," is inadmissible and prejudicial error, since it amounted to an expression of his opinion, from a mere description, that F was guilty of the robbery, making the accused guilty of the perjury charged, and the matter is not a proper subject of expert evidence.

SAME — PERJURY — TWO WITNESSES—CORROBORATION—INSTRUCTIONS. It is not error to refuse to instruct that no conviction could be had for perjury unless the falsity of the evidence was proved by two witnesses, or by one witness and corroborating

[1]Reported in 79 Pac. 1123.

circumstances of equal weight and credibility as the testimony of another witness; since the rule is that the corroborating circumstances established by independent evidence need not equal in weight the testimony of a second witness, but need only be of such a character as to turn the scale and overcome the evidence of the defendant and the legal presumption of his innocence.

SAME—FACT OF MORE THAN ONE WITNESS. A refusal to instruct that there can be no conviction for perjury without the evidence of two witnesses, or one witness and corroborating circumstances, is not justified by the fact that there was more than one witness, since the jury is at liberty to disregard the evidence of any witness as unworthy of credence.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered April 1, 1904, upon a trial and conviction of the crime of perjury. Reversed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*Horace Kimball* and *R. M. Barnhart,* for respondent.

RUDKIN, J.—About nine o'clock on the evening of April 4, 1903, one Miller was assaulted and robbed by three masked men, in his butcher shop, in the city of Spokane. An information was filed in the superior court of Spokane county against Frank Fair and Sam Eder, charging them with the commission of said crime. At the trial of Fair, the defendant Rutledge was a witness in his behalf, and as such witness, testified that he was in the town of Prosser, 186 miles from the city of Spokane, on the 4th day of April, 1903, and that he saw Fair in said town of Prosser, on the evening of said day, between the hours of nine and ten o'clock. Thereafter an information was filed in the same court against the defendant Rutledge, charging him with the crime of perjury, the perjury being assigned upon the testimony above set forth. The defendant was convicted and, from the judgment and sentence of the court, this appeal is taken.

Numerous errors are assigned, on the rulings of the court sustaining objections to questions propounded to several of the jurors on their *voir dire* examination. The state insists that these rulings, with one or two minor exceptions, are not properly before us for review, and, inasmuch as the same questions may not arise on another trial, we will not consider them on this appeal. Numerous requests for instructions were also made by the appellant, and refused by the court. Some of these requests might properly have been granted; others were argumentative in form, and were properly denied. We think, however, that the law of the case was sufficiently covered in the general charge of the court, except in one particular to be hereafter noted.

On the trial of the case, the court, over the objection of the appellant, permitted Miller, the prosecuting witness at the former trial, to testify that he gave a description of the robbers to one McDermott, a police officer of the city of Spokane. McDermott was then called, and was permitted to testify, over the objection of the appellant, that he received a description of the robbers from Miller on the morning after the robbery. The following question was then asked: "Q. After getting this description, what did you do in the case?" An objection to this question was overruled, and the witness answered: "I started to hunt for Fair and Eder, for the men that did the job."

We think this testimony was clearly incompetent and prejudicial. It will be observed that the presence of Fair at the butcher shop, at the time of the robbery, was as important on this trial as on the trial for robbery, so far as the identification by the witness Miller was concerned. The only and apparent object of this testimony was to convey to the jury the impression that the description given by the witness Miller was so full and accurate that the police

officer immediately identified Fair and Eder as the robbers, and forthwith proceeded to apprehend them. The same result would have been accomplished had the prosecuting attorney asked the question: "From the description given by Miller, who, in your opinion, committed the robbery?" The incompetency of this evidence would seem apparent, and yet such was the effect, and the only effect, of the testimony received. Miller himself might express an opinion as to the identity of Fair,

". . . mainly because the facts constituting similarity, or the reverse, in personal appearance are so numerous and peculiar that they cannot be specifically narrated so as to bring out clearly their proper force and significance before the jury. Hence a witness, after describing a person seen by him, may state that, in his opinion, it was the prisoner, or that he resembled the prisoner, under the rule permiting a non-expert witness to give his opinion where the jury would be unable, otherwise, to form an intelligent conception of identity." Underhill, Crim. Evidence, § 55.

This rule does not extend to testimony such as was given by the witness McDermott. The purport of the testimony of McDermott was that, from the description given him, he formed the opinion, or arrived at the conclusion, that Fair and Eder committed the robbery. This opinion or conclusion went before the jury over objection, and the ruling admitting it can only be sustained on the theory that McDermott was an expert witness. "An expert is a person who possesses peculiar skill and knowledge upon the subject-matter on which he is called to testify." Underhill, Evidence, § 185.

"Where the matter or transaction under consideration is such that all the facts can be intelligibly ascertained by men of average mental training or intelligence, where no peculiar skill, experience or knowledge is required to form an opinion—in other words, where the facts are such as come

within the knowledge, observation and judgment of ordinary men—opinion evidence is not admissible." Id., § 186.

We think that to permit police officers and others to identify persons accused of crime, from mere general descriptions they may have received, would be dangerous in the extreme, and we are not prepared to sanction the practice.

The appellant requested two instructions, the substance of which is embodied in the following:

"You must be satisfied that the defendant wilfully, knowingly and corruptly swore falsely, and you must be so satisfied from the testimony of two witnesses, or from the testimony of one witness, and corroborating circumstances of equal weight and credibility as if the testimony of another witness to the same effect was produced."

These requests were not technically correct, for two reasons: First, the corroboration need only extend to the falsity of the testimony upon which the perjury is assigned; and second, under the modern rule, the corroboration need not equal in weight the testimony of a second witness.

"According to the earlier cases no conviction of perjury could be had unless the falsity of the evidence given under oath was proved by the direct evidence of two credible witnesses, the evidence of the second witness being required to overcome the presumption of innocence which the law indulged in favor of the accused. Such is not now the law. The accused may be convicted on the evidence of one witness, which, however, must in all cases be corroborated. The corroboration need not be equivalent or tantamount to another witness. But it must be clear and positive and so strong that, with the evidence of the witness who testifies directly to the falsity of the defendant's testimony, it will convince the jury beyond a reasonable doubt." Underhill, Crim. Evidence, § 468.

See, also, Wharton, Crim. Evidence (9th ed.), § 387. The modern rule is thus stated in an instruction approved by

the supreme court of California, in *People v. Rodley,* 131 Cal. 240, 63 Pac. 351:

"There must be the direct testimony of at least one credible witness, and that testimony to be sufficient must be positive and directly contradictory of the defendant's oath; in addition to such testimony, there must be either another such witness or corroborating circumstances established by independent evidence, and of such a character as clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence. Otherwise the defendant must be acquitted."

This, we think, is a correct statement of the modern rule of evidence, as applied to the crime of perjury. The respondent concedes the principle of law embodied in the foregoing request, but claims it was not error to refuse such request in this case, for the reason that there was in fact more than one witness, and cites *Montgomery v. State,* (Tex. Cr. App.) 40 S. W. 805, from Texas, as sustaining this contention. The case cited does not sustain the doctrine contended for. On the contrary, the courts of Texas have held, in numerous cases, that the omission to instruct the jury that a conviction of perjury cannot be had on the testimony of a single witness is reversible error. *Wilson v. State,* 27 Tex. App. 47, 10 S. W. 749, 11 Am. St. 180, and cases cited. The Texas statute required the court in all felony cases to distinctly set forth the law applicable to the case, whether asked or not; and we are not called upon to decide whether it would be error in this state to fail to give such instruction, in the absence of a request. The mere fact that there was more than one witness would not justify the court in refusing to give the instruction, as the jury are always at liberty to disregard the testimony of a witness or witnesses whenever they deem it unworthy of credence. We make these observations in view of a retrial of the case. It was not error to refuse to give the above instruction as requested, and we are not called upon

to decide in this case whether it was incumbent upon the court to give a correct instruction on the principle of law involved, of its own motion.

For the error in the admission of testimony, the judgment is reversed, and a new trial ordered.

MOUNT, C. J., DUNBAR, ROOT, and CROW, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.