THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT LUPTON, PLAINTIFF IN ERROR.

Submitted May 15, 1925—Decided June 26, 1926.

1. On a trial for perjury, the question whether evidence is material to the issue is solely for the court to determine and not for the jury.
2. Proof that the defendant had made statements verbally or in writing, under oath, upon which the indictment is found, is competent evidence on an indictment for perjury, and such evidence, in connection with the testimony of one other witness, is sufficient to warrant a conviction, but the corroboration of the other witness must be of the material matter charged in the indictment.

On error to the Cumberland County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *H. Byron Lore.*

For the state, *Thomas G. Tuso.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff in error was convicted in the Cumberland County Court of Quarter Sessions on an indictment charging him with perjury. On this conviction he was sentenced for a term of imprisonment at hard labor, not less than one year and not more than two years.

The perjury alleged was assigned upon certain testimony given by the defendant below who was a witness subpœnaed by the state in a proceeding, before the Cumberland county grand jury, instituted against one Luther Garton, accused of selling liquor for beverage purposes, and before which inquisitorial body the defendant testified, in substance, to this effect: "I never purchased any liquor from Luther Garton

for beverage purposes, neither have I seen any other person purchase any liquor for beverage purposes from the said Luther Garton." This testimony is alleged to have been false and corruptly given.

It was stipulated between counsel, in order to avoid calling grand jurors as witnesses, that the defendant did testify, as above stated, before the grand jury.

Samuel Swift, a witness sworn on behalf of the state, testified that between the 1st day of July and the 9th day of August the defendant came to the house to see Garton after six o'clock in the evening, and when asked: "What did Lupton get from anybody at the house, 33 Lemon street, Bridgeton, in the month of July or August, 1924, if you know?" The answer was, "He got liquor * * * supposed to be," and his wife was present at the time. He further testified that the defendant came there twice, and at the first time he got one quart for which he paid $2; that his wife was not present, and at the second time he got two quarts when his wife was present, and for which liquor he paid $4; that on a later occasion he saw Garton sell to Lupton, in the barn on the premises, one pint of liquor for which Lupton paid Garton one dollar, and that a man named Rodman was present. Rodman was not called as a witness.

Swift's wife was called to testify on behalf of the state, manifestly, for the purpose of corroborating her husband's statement that she was present in the kitchen on the second occasion when, as he testified, his wife was present, and Garton, then and there, in her presence, "handed out" two quarts of liquor to Lupton, for which the latter paid Garton $4, but she flatly denied that she saw any such thing take place in the kitchen and denied most emphatically that she saw liquor pass from Garton to Lupton there or at any other place or time, or to anybody else.

Bearing in mind that the issue was whether the defendant Lupton testified falsely and corruptly when he said: "I never purchased any liquor from Luther Garton for beverage purposes, neither have I seen any other person purchase any liquor for beverage purposes from the said Luther Garton,"

it became and was essential in order to establish the commission of the offense of perjury by the accused, in the statement of a material fact made by him to the grand jury, for the state to establish by the testimony of more than a single witness that his statement was untrue.

Roscoe, in his valuable work on *Criminal Evidence* (*5th ed., p.* 823), says: "It is a general rule that the testimony of a single witness is insufficient to convict on a charge of perjury. This is an arbitrary and peremptory rule, founded upon the general apprehension that it would be unsafe to convict in a case where there would be merely the oath of one man to be weighed against that of another. 2 *Sark. Ev.* (*2d ed.*) 626; 2 *Russ. Grea.* 649; *Hawk. P. C., b.* 1, *c.* 69; 4 *Bl. Com.* 358. But this rule must not be understood as establishing that two' witnesses are necessary to disprove the fact sworn to by the defendant, for if any other material circumstance be proved by other witnesses, in confirmation of the witness who gives the direct testimony of perjury, it may turn the scale and warrant a conviction." *Rex* v. *Lee,* 2 *Russ. Grea.* 650.

Greenleaf, in vol. 1 (*Lewis' ed.,* 1896), under the caption *"Perjury,"* paragraph 257, says: "In proof of the crime of perjury, also it was formerly held that two witnesses were necessary, because otherwise there would be nothing more than the oath of one man against another, upon which the jury could not safely convict. But this strictness has long since been relaxed, the true principle of the rule being merely this, that the evidence must be something more than sufficient to counter-balance the oath of the prisoner and the legal presumption of his innocence. The oath of the opposing witness, therefore, will not prevail, unless it be corroborated."

In *Com.* v. *Parker,* 2 *Cush.* 213, the rule was laid down as follows: "In order to authorize a conviction of perjury it is necessary, in addition to the testimony of one witness to the falsity of the statement alleged as the perjury, that strong corroborating circumstances, of such character as clearly to turn the scale and overcome the oath of the party charged, and the legal presumption of his innocence should be established by independent evidence."

In *Dodge* v. *State,* 24 *N. J. L.* 455, Chief Justice Green, speaking for the Supreme Court (at *p.* 461), said: "Proof that the defendant has made statements verbally or in writing, under oath or not under oath, conflicting with the statement under oath, upon which the indictment is founded, is competent evidence on an indictment for perjury, and such evidence, in connection with the testimony of one other witness, has been held sufficient to warrant a conviction." *Rex* v. *Mayhew,* 6 *Car. & P.* 315; *Rosc. Cr. Ev.* 686; *State* v. *Molier,* 1 *Dev.* 263; *Whart. Cr. L.* (*2d ed.*) 307.

At the close of the state's case, counsel of defendant moved for the direction of a verdict on the ground that the only evidence produced on the part of the state was the uncorroborated testimony of the witness Samuel Swift. This motion was refused and an exception was taken, and an assignment of error and a specification of cause for reversal were predicated on the exception taken, and though the motion was addressed to the discretion of the court and is not reviewable on error, it is reviewable here because the record is not only before us on strict bills of exceptions, but also under section 136 of the Criminal Procedure act (2 *Comp. Stat., p.* 1863), the provision of which section requires the court to review "the denial of any matter of discretion," and by which denial the defendant below suffered manifest wrong or injury. *State* v. *Jaggers* (*Court of Errors and Appeals*), 71 *N. J. L.* 281 (at *p.* 283).

A careful reading of the testimony discloses that there is not a scintilla of it, even if we give to Swift's testimony its broadest significance, that tends to show that the statement, made by the defendant to the grand jury, viz.: "Neither have I seen any other person purchase any liquor for beverage purposes from the said Luther Garton," was untrue in fact. So that the only question for us to determine is whether the testimony adduced by the state was sufficient to warrant a conviction of the accused of the crime of perjury in testifying before the grand jury as follows: "I never purchased liquor from Luther Garton for beverage purposes." We think the evidence, under the cases cited, *supra,* was insufficient to establish the crime of perjury.

There was a general exception taken to the court's charge. Error was assigned and cause for reversal specified on that part of the learned judge's charge where he said: "The corroborative evidence as produced by the state is, first, Mrs. Swift, wife of Mr. Swift, one of the complaining witnesses. She testifies as to seeing Lupton at Garton's—that is as far as she goes. She denies she ever saw him buy any liquor of Garton."

It is settled law that on a trial for perjury, the question whether evidence is material to the issue is solely for the court to determine and not for the jury. *Gordon* v. *State (Court of Errors and Appeals)*, 48 *N. J. L.* 611. It is also equally well settled that the corroboration must be of the material matter charged in the indictment. The court erroneously designated the testimony of Mrs. Swift as corroboration of that of her husband because she testified that she saw the defendant at Garton's, in the house in which she and her husband and Garton lived. According to her husband's statement Lupton, the accused, was at the former's house on two different occasions, the last of which was on July 4th or 5th. In what respect this testimony was corroborative of the material inquiry whether the accused testified falsely when he said that he never purchased liquor from Luther Garton for beverage purposes, and in view of Mrs. Swift's denial that she was present when such purchase was made, is manifestly inexplicable on any reasonable theory. The court continued: "The other corroborative evidence is the fact when the officers went there in August they found liquor on the premises, in the house where Garton was living, and for which it was testified he paid the rent. They found it in the cellarway. That this is the extent of the corroborative evidence and it is for you to say whether this sufficiently proves the direct testimony of Swift."

This instruction was erroneous. It was clearly immaterial whether or not the officers found liquor in the cellarway of the house where the Swifts and Garton lived. The circumstance could have no bearing on the question whether or not the accused had purchased liquor of Garton. It was not in

any sense corroborative of the testimony of Swift, nor was the circumstance of the possession of liquor by Garton of such a character that it could be unequivocally inferred that he sold liquor to the accused.

There does not appear to be any conflict of views, among the judges in those jurisdictions which hold that the testimony of a single witness corroborated by circumstances material to the issue is sufficient to convict for perjury, as to the legal rule that such testimony to establish the perjury must not only be material to the issue but corroborative of it, and that the inquiry whether such testimony is material and corroborative is a mixed question of law and fact.  In the present case the question was not whether Garton had in his possession liquor, but the prime question was, did the defendant below testify falsely before the grand jury in stating that *he never purchased any liquor from Luther Garton for beverage purposes.*

The corroboration which the law requires is proof of independent facts or circumstances which taken and considered together tend, in confirmation of the testimony of the single witness, to establish the falsity of the oath.  And in this respect such facts or circumstances were clearly absent.  Nevertheless, the trial judge, in his instructions to the jury, after designating the facts and circumstances, namely, the two visits of the defendant to the premises where Garton and the Swifts lived, and the circumstance that in August, the month following the visit of Officer Hamilton, who took liquor from the premises in which Garton and the Swifts lived, as "corroborative evidence," and after instructing the jury that "corroborative evidence is circumstances which tend to prove the actual occurrence," said: "They may be slight or may be of a far greater degree of certainty, but you have heard the corroborative evidence in this case, and in passing on all the evidence you can pass on its sufficiency, whether in your minds it is sufficient to sustain the direct evidence."  It needs no argument to demonstrate that the question, whether the facts or circumstances were sufficient in law to constitute material confirmatory proof of the testimony of the single

witness to sustain the charge that the defendant below had sworn falsely when he testified that "I never *purchased* any liquor for *beverage purposes* from the said Luther Garton," was for the court and not for the jury to determine.

If the facts and circumstances constituted in law material evidence tending to establish the falsity of the oath, as alleged in the indictment, against the defendant below, it was solely within the province of the court to so declare, and then to submit the question whether or not such facts or circumstances tended to corroborate the testimony of the single witness, and, in conjunction with his testimony; tended to establish beyond a reasonable doubt that the accused had willfully and corruptly committed perjury when he testified before the grand jury: "I never purchased any liquor from Luther Garton for beverage purposes."

We think it was error prejudicial to the defendant for the trial judge to submit materiality of the evidence of facts and circumstances to the jury for determination. It is hardly to be expected that a body of laymen could deal satisfactorily with such a legal problem, which, at times, is perplexing enough to the judicial intellect.

We are also of the opinion that the facts and circumstances adduced by the state to corroborate Swift's testimony, in order to establish the falsity of the defendant's oath, were insufficient in law to that end, for as the case stood the only testimony to the effect that the defendant below purchased liquor from Garton for beverage purposes came from the witness Swift, and as there was a lack of corroboration of that material allegation under the law, the crime of perjury was not proven, and, therefore, a verdict of acquittal should have been directed.

Since we have reached the result that the judgment must be reversed upon fundamental grounds, we have not considered the other assignments of errors and specifications of causes for reversal argued in the brief of counsel with the plaintiff in error.

Judgment is reversed.