(No. 21224.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILFRED A. ROGERS, Plaintiff in Error.

*Opinion filed April 23, 1932.*

M. L. CALLAHAN, and M. A. BRENNAN, (ARTHUR J. GOLDBERG, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

In the criminal court of Cook county Wilfred A. Rogers, plaintiff in error, was convicted of perjury. The indictment charges that in a certain proceeding in the superior court of Cook county in which defendant sued his wife, Mary A. Rogers, for divorce, he falsely and knowingly testified that he lived at 14 West Erie street, in the city of Chicago; that he had given his wife no cause whatever to leave him; that he had not heard from her since she left him; that he did not know her whereabouts, and that they had no child or children. The indictment alleges the facts to be that he did not live on West Erie street, in Chicago, but lived at Minonk, in Woodford county; that he had given Mary A. Rogers cause to leave him and had heard from and seen her since she left him; that he knew her whereabouts and knew she lived in Peoria, and that he knew a son was born to him and his wife. The cause comes to this court by writ of error.

[While plaintiff in error insists his testimony was true, he contends that if it was false, as alleged, the superior court lacked jurisdiction of the person of Mary A. Rogers, and for that reason a charge of perjury cannot be predicated upon his testimony. It is essential to that crime that the tribunal before which the false swearing is alleged to have been committed shall have jurisdiction of the subject matter of the cause. (*Pankey* v. *People,* I Scam. 80.)

Where a decree of divorce is granted upon false testimony concerning the. residence of one of the parties the decree is void as to such party, but the one giving the false testimony is nevertheless guilty of perjury. (*Markey* v. *State,* 47 Fla. 38.) If a court has jurisdiction over the subject matter of divorce it has jurisdiction to hear testimony concerning allegations essential to the right to grant it. (*People* v. *McCaffrey,* 75 Mich. 115; *Laird* v. *State,* 79 Tex. Crim. 129.) False testimony given on a record showing jurisdiction is none the less perjury because facts later appear to defeat jurisdiction. The superior court had jurisdiction of the subject matter of the divorce suit, and, so far as plaintiff in error is concerned, he submitted himself and his cause to that jurisdiction. (*Hereford* v. *People,* 197 Ill. 222.) If the court did not have jurisdiction of the person of his wife she may attack the decree anywhere, directly or collaterally. (*Dickey* v. *City of Chicago,* 152 Ill. 468; *Haywood* v. *Collins,* 60 id. 328; *Field* v. *Field,* 215 id. 496.) But he cannot attack it on the ground that the court had no jurisdiction, (*Fahnestock* v. *Gilham,* 77 Ill. 637; *Sullivan* v. *People,* 224 id. 468;) nor can he interpose such lack of jurisdiction as a defense in this case.

On the trial of the perjury case Mary A. Rogers was permitted to testify concerning facts and circumstances which occurred during the existence of the marriage relation. When she was offered as a witness plaintiff in error objected to her giving testimony relating to such matters. The objection was overruled and was not thereafter repeated but an exception was preserved to the ruling. It was not necessary that the objection be repeated to each question asked of the witness. (*Taylor* v. *Pegram,* 151 Ill. 106; *People* v. *Schraeberg,* 347 id. 392.) She testified, in substance, that she was married to defendant on May 12, 1914, in Peoria, Illinois; that they had a son, who was born on May 19, 1916; that she resided with defendant in Minonk, Woodford county, Illinois, during most of their

married life and had never lived in Chicago; that after several temporary separations she finally separated from him on or about December 1, 1925, at which time she went to Peoria, where she has since been living; that she saw defendant several times on the streets in Peoria after they separated and saw him at Minonk on May 11, 1927, but that she never spoke to him after December 1, 1925. Her testimony included the entire field of material and relevant evidence concerning the issue of perjury. Plaintiff in error contradicted her evidence and testified that he lived in Chicago in the Spring and Fall of 1924 and again about the same time in the years 1925, 1926 and 1927; that he worked for the National Shade Company during those periods and returned to Minonk after the divorce decree was granted; that his wife lived with him on Erie street, in Chicago, for some months in 1924; that she left him and he did not know where she went; that he lived on West Erie street, in Chicago, when he applied for a divorce; that he did not know her whereabouts when he made the affidavit for publication notice; that he did not see her at Minonk thereafter, and that he is not the father of the child mentioned by his wife.

The testimony of the two persons most vitally interested in the outcome of the prosecution was in direct conflict. Other witnesses were examined, but in view of our conclusion in reference to the admissibility of Mrs. Rogers' testimony we refrain from commenting upon their evidence. She was incompetent to testify as to any communications between her and her husband or as to any fact or transaction the knowledge of which was obtained by means of the marriage relation. (*Schreffler* v. *Chase*, 245 Ill. 395; *Zimmer* v. *Zimmer*, 298 id. 586; *People* v. *Ernst*, 306 id. 452.) The strength of the prosecution depended largely upon her testimony. It was highly damaging to defendant and it is impossible to tell what effect it had upon the jury. Where the evidence is in conflict and there is incompetent and

prejudicial testimony in the record the court cannot speculate with the rights of a defendant and say that the jury probably acted upon the competent evidence, only. A conviction cannot be upheld unless this court can say that the admission of the incompetent testimony was not prejudicial, (*People* v. *Jordan,* 292 Ill. 514,) and we cannot say it in this case.

Because of the error in the admission of incompetent testimony to the prejudice of defendant the judgment of the criminal court is reversed and the cause is remanded.

*Reversed and remanded.*