[No. 41924. Department One. October 14, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID BUCHANAN, *Appellant*.

Webster, Kroum, McCann, Granberg, Bass & Mack and David H. Beitz, for appellant (appointed counsel for appeal).

Christopher T. Bayley, Prosecuting Attorney, and Kenneth W. Sharaga, Deputy, for respondent.

NEILL, J.—Defendant appeals from his conviction upon a charge of first-degree perjury in violation of RCW 9.72.010.[1] Defendant and another were arrested on suspicion of larceny. The arresting officers advised each of his rights, using the "Miranda card." On arrival at the police station, defendant was asked routine identification questions including name and date of birth. He answered that

---

[1] "Every person who, in any action, proceeding, hearing, inquiry, or investigation, in any of which an oath may lawfully be administered, shall swear that he will testify, declare, depose, or certify truly, or that any testimony, declaration, deposition, certificate, affidavit or other writing by him sworn to or affirmed or subscribed as true, and who, in any such action, proceeding, hearing, inquiry, or investigation shall state or subscribe as true any material matter which he knows to be false, shall be guilty of perjury in the first degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years." RCW 9.72.010.

his name was "Benton," and stated a date of birth which placed his age at 17. On the basis of this information, the officer prepared and signed a juvenile court petition and placed defendant in the custody of the juvenile authorities. A preliminary hearing was held in King County Juvenile Court. At this hearing, defendant was advised of his rights and was placed under oath. In the course of this hearing, defendant was again asked whether his name and birth date as stated in the petition and in other juvenile court documents were correct. He testified that they were. At the conclusion of this hearing, the court entered a preliminary finding of delinquency. Soon thereafter, when the probation officer confronted defendant with her belief as to his true identity, he admitted his true name and adult age. He was then removed to the city jail where he was again advised of his rights and asked the routine admittance questions. Defendant said that he did not wish to make a written statement, but did give his true name and age. When defendant indicated that he wanted to think things over, all questioning ceased.

On appeal, defendant contends that the juvenile court did not have jurisdiction to administer a lawful oath, due to defendant's adult age. Therefore, defendant argues, he could not be guilty of perjury for statements made before that court. There is nothing in the record to indicate that jurisdiction was not properly invoked under Juvenile Court Rules (JuCR 2.1(a)(1)). Thus framed, the issue is whether jurisdiction sufficient to support a perjury charge exists where jurisdiction is apparent at the time the testimony is taken, but where subsequent developments show a jurisdictional defect.

In *State v. Dallagiovanna*, 69 Wash. 84, 88, 124 P. 209 (1912), we stated the general rule:

> perjury cannot be predicated of a false oath in a proceeding before a court which had no jurisdiction to inquire into the matter which was the subject of that proceeding." [*Morford v. Territory*, 10 Okla. 741, 63 P. 958, 54 L.R.A. 513 (1901).]

A widely recognized distinction or exception to this general rule is recited in Annot., 82 A.L.R. 1127, 1138 (1933):

A distinction is to be observed between want of jurisdiction to take cognizance of a case and want of jurisdiction to proceed to judgment therein. It frequently happens that want of jurisdiction in the latter sense arises from some matter dehors the record, which appears only after investigation. So, while a court may not have jurisdiction to proceed to judgment, it may have jurisdiction to take cognizance of a case in the first instance and until the facts showing lack of jurisdiction appear; and testimony given on a record showing jurisdiction is none the less perjury because facts later appear defeating jurisdiction.

*See, e.g., Bennett v. District Court,* 81 Okla. Crim. 351, 162 P.2d 561 (1945); *People v. Rogers,* 348 Ill. 322, 180 N.E. 856, 82 A.L.R. 1124 (1932).

The necessity and good sense of this exception is well illustrated by the case at bar. Here, the subject matter of the case was clearly within the juvenile court's jurisdiction under our rules. Jurisdiction to take cognizance of the case was properly invoked under JuCR 2.1(a)(1), on the basis of information given and testified to by defendant. It would be incongruous to hold that one may perjure himself as to matters establishing jurisdiction, then escape the conse· quences of his perjury by reason of its falsity. The exception stated above is sound and the circumstances of this case fall within that exception. Defendant's argument on this point is without merit.

■ Defendant's next contention is that certain of his admissions to police officers should not have been admitted at trial because they were not preceded by adequate Miranda warnings and waiver of rights. The trial court held a CrR 101.20W hearing into the admissibility of these statements, found as uncontested fact that the statements in question were voluntarily made after full Miranda warnings, and concluded that there was no showing of any constitutional impediment to their admissibility. The rec-

ord before us contains no transcript of the testimony given at the CrR 101.20W hearing, and defendant did not object to the admission of these statements at trial. Defendant, proceeding in forma pauperis, could have provided a more sufficient record. He did not do so. Lacking the CrR 101.20W hearing record, we assume that the trial court's findings and conclusions were supported by the evidence. *Tacoma v. Horton*, 62 Wn.2d 211, 382 P.2d 245 (1963); *State v. Hartness*, 147 Wash. 315, 265 P. 742 (1928). In the record before us there is nothing which contradicts the trial court's findings and conclusions at the CrR 101.20W hearing. Therefore, we affirm the trial court's finding of admissibility.

Defendant's only other contention on appeal is insufficiency of the evidence to sustain a conviction. He argues only a single witness, the mother, directly testified contrary to defendant's sworn statement of name and age in the juvenile court proceedings; that the testimony as to his extrajudicial admissions did not constitute direct testimony contradictory of the facts stated by defendant under oath. Thus, defendant asserts, the state has not met its burden of proof in a perjury case.

■■ The quantum of proof necessary to sustain a conviction of perjury is the highest known to the law, excepting only treason. In *State v. Wallis*, 50 Wn.2d 350, 353, 311 P.2d 659 (1957), we reiterated the rule as stated in *State v. Rutledge*, 37 Wash. 523, 79 P. 1123 (1905), that to convict of perjury

" 'There must be the direct testimony of at least one credible witness, and that testimony to be sufficient must be positive and directly contradictory of the defendant's oath; in addition to such testimony, there must be either another such witness or corroborating circumstances established by independent evidence, and of such a character as clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence. Otherwise the defendant must be acquitted.' "

Here there is direct testimony by defendant's mother positively and directly contradictory to the defendant's

sworn statement of name and age. In addition, defendant's admission as to his true name and age and that he had testified falsely in the juvenile court proceedings are in evidence. The state asserts this additional evidence constitutes the "corroborating circumstances established by independent evidence" sufficient to meet the test approved in *Wallis*. We agree.

█ Admissions and contradictory statements of the defendant, even though not made under oath, are sufficient, given in corroboration of the single witness to satisfy the quantum of evidence required to support a conviction of perjury. *See United States v. Goldberg*, 290 F.2d 729, 733, 744 (2d Cir. 1961); *People v. Sagehorn*, 140 Cal. App. 2d 138, 294 P.2d 1062 (1956); 70 C.J.S. *Perjury* § 70(c)(3) (1951) at 541; 41 Am. Jur. *Perjury* § 69 (1942) at 38.

Finding no error, we affirm.

Hamilton, C.J., Finley, Hunter, and Stafford, JJ., concur.